**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

                           Plaintiff

                                                          DECISION and ORDER

-vs-

                                                          13-CR-6012

IRIS DIAZ

                           Defendant.

_____

**Siragusa, J.** This case was referred by text order of the undersigned, entered on January 16, 2013, to Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), ECF No. 35. On May 9, 2013, Defendant filed an omnibus motion, ECF No. 65, seeking *inter* suppression of the result of an identification procedure used by law enforcement on May 10, 2012. On June 21, 2013, Judge Feldman issued an Order resolving all matters except for Defendant's application to suppress the identification procedure at issue. That procedure involved Defendant's identification by a confidential informant from a photo array. On July 10, 2013, Judge Feldman conducted a suppression hearing to determine the admissibility of the identification procedure. At the conclusion of the hearing, Judge Feldman issued an oral Report and Recommendation ("R&R") recommending that Defendant's motion to suppress the identification be denied. On July 11, 2013, Magistrate Judge Feldman filed a written R&R, ECF No. 83, confirming his oral determination made in court the day before. Defendant timely filed objections to the R&R

on September 13, 2013[1], ECF No. 104, arguing that the photo array utilized by law enforcement on May 10, 2012, from which the confidential informant made the identification, was unduly suggestive. Defendant also objected to Judge Feldman's June 21, 2013 Decision and Order ("D&O"), ECF No. 75,[2] denying Defendant's request for earlier disclosure of the confidential informant. More specifically, Defendant objects to Judge Feldman's D&O that informant disclosure be made no earlier than two weeks prior to trial or pretrial conference whichever comes first.

As to Defendant's objections to Judge Feldman's findings and recommendation on his motion to suppress the identification procedure, pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. Upon a *de novo* review of the R&R, including a review of the transcript of the suppression hearing held on July 10, 2013 and the photo array at issue, as well as Defendant's objections, this Court accepts the proposed findings and recommendation.

With respect to Defendant's objections as to Judge Feldman's D&O denying earlier informant disclosure, pursuant to 28 U.S.C. § 636(b)(1)(A), this Court must determine whether Judge Feldman's determination was clearly erroneous or contrary to law. Upon a consideration of the D&O, and after considering Defendant's objections, the Court finds that Judge Feldman's D&O denying Defendant's request for a informant disclosure was neither clearly erroneous nor contrary to law

---

[1] By text order entered on July 26, 2013 , ECF No. 89 and then by letter order entered on September 4, ECF No. 100, this court extended Defendant's time to file objections to Judge Feldman's R&R to September 13, 2013.

[2] With consent of the government, the Court on September 25, 2013 extended, nun pro tunc, Defendant's time to file objections to Judge Feldman's June 21, 2013 D & O to September 13, 2013.

Accordingly, for the reasons set forth in Magistrate Judge Feldman's R&R, ECF No. 83, in which he confirmed his oral determination of July 10, 2013, Defendant's application to suppress the May 10, 2012 identification procedure is denied.

Additionally, as indicated above, the Court finds that Judge Feldman's D&O denying Defendant's request for further informant disclosure is neither clearly erroneous nor contrary to law

IT IS SO ORDERED.

Dated: Rochester, New York
October 21, 2013

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge